Marcia Hofmann (SBN 250087)
marcia@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone:   (415) 436-9333
Facsimile:   (415) 436-9993

Jason M. Schultz (SBN 212600)
jschultz@law.berkeley.edu
SAMUELSON LAW, TECHNOLOGY AND PUBLIC POLICY CLINIC
U.C. Berkeley School of Law
396 Simon Hall
Berkeley, CA 94720-7200
Telephone:   (510) 642-0499
Facsimile:   (510) 643-4625

Attorneys for Plaintiff
Electronic Frontier Foundation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | Case No. 3:09-CV-05640-SI |
| Plaintiff, | |
| vs. | JOINT CASE MANAGEMENT STATEMENT |
| DEPARTMENT OF DEFENSE, ET AL., | Judge: Hon. Susan Illston |
| Defendants. | Date: March 12, 2010 |
| | Time: 2:00 p.m. |
| | Place: Courtroom 10, 19th Floor |

Plaintiff Electronic Frontier Foundation ("EFF") and Defendants Department of Defense ("DOD"), Department of Homeland Security ("DHS"), Department of Justice ("DOJ"), Department of the Treasury ("Treasury"), Central Intelligence Agency ("CIA"), and Office of the Director of National Intelligence ("ODNI") respectfully submit the following joint case management statement.

1. **Jurisdiction and Related Issues**

The parties stipulate and agree that (1) venue is properly laid in this District under 5 U.S.C. § 552(a)(4)(B); and (2) that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331, except that defendants reserve the right to challenge the Court's subject matter jurisdiction with regard to EFF's FOIA claims against certain defendants.

2. **Facts**

In a series of letters sent by facsimile on October 7 and 8, 2009, plaintiff submitted Freedom of Information Act ("FOIA") requests to the defendant federal agencies, including ODNI; CIA; Treasury's component the Internal Revenue Service ("IRS"); DHS's component the Secret Service; DOD and DOD's components the Inspector General, Defense Intelligence Agency, Air Force, and Navy; and DOJ's components the Criminal Division, Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"), Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and Executive Office for U.S. Attorneys ("EOUSA").  In each FOIA request, EFF sought disclosure of federal guidelines on the use of social-networking websites for investigative or data gathering purposes created since January 2003.

By letter dated November 27, 2009, EOUSA stated that it had located fifteen pages in response to EFF's request, which were withheld in full pursuant to 5 U.S.C. §§ 552(b)(2), b(5), and (b)(7)(C).

By letter dated November 27, 2009, ATF informed EFF that it had located no records responsive to EFF's request.

By letter dated December 17, 2009, the DOD Inspector General informed EFF that it had located no records responsive to EFF's request.

By letter dated January 11, 2010, the IRS produced five documents responsive to EFF's request, including three that were already publicly available.  The agency withheld no material in the responsive documents.

By letter dated February 1, 2010, DEA informed EFF that it had located no records responsive to EFF's request.

By letter dated March 3, 2010, the Criminal Division partially produced a thirty-three page

document responsive to EFF's FOIA request.

To date, the remaining defendant agencies and components have not issued final responses to EFF's FOIA requests, though they maintain that they all are currently processing EFF's FOIA requests and seeking to provide a production timeline to plaintiff.

**3. Legal Issues**

This case presents a procedural issue concerning the timing of defendants' processing of EFF's FOIA requests. Once the various defendant agencies complete processing, the remaining legal issue is whether defendants have properly withheld records in whole or part under 5 U.S.C. § 552. EFF reserves the right to challenge the adequacy of defendants' searches for responsive records after the government completes processing of EFF's requests and after it files declarations or indices pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-8 (D.C. Cir. 1973). Defendants also reserve the right to challenge the Court's subject matter jurisdiction with regard to EFF's FOIA claims against certain defendants.

**4. Motions**

The parties anticipate that this case is likely to be disposed of on dispositive motions. The parties submit, however, that scheduling any such motion is premature at this time. The parties are currently working in good faith to resolve some of the claims and issues in this action. If the parties are unable to negotiate a processing schedule for the FOIA requests that remain unanswered, EFF anticipates that it may file a motion for partial summary judgment on the issue of timely processing against some of the defendants. While the parties are continuing to resolve the timing of motions, defendants also reserve the right to seek leave of the Court to file more than one dispositive motion, which may be necessary in light of the large number of defendants in this case and the defendants' varying responses to EFF's FOIA requests.

**5. Amendment of Pleadings**

No party anticipates amending its pleadings to add or dismiss claims or defenses.

**6. Evidence Preservation**

Counsel have discussed evidence preservation and have explained this obligation to the parties. The government is taking all reasonable steps to preserve documents responsive to EFF's

1  FOIA requests that were located during the course of the government's search process, including
2  those documents withheld from EFF.

### 7. Disclosures

The parties agree and stipulate under Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange.

### 8. Discovery

To date, no discovery has been taken by any party. The parties do not anticipate proposing any limitations or modifications of the discovery rules. EFF reserves the right to seek discovery pursuant Federal Rule of Civil Procedure 56(f) after the government files its motion for summary judgment and supporting *Vaughn* declarations or indices. Defendants contend that discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (stating that in FOIA "cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery").

### 9. Class Actions

This case is not a class action.

### 10. Related Cases

There are no related cases pending before this Court as defined by Local Rule 3-12.

### 11. Relief

EFF seeks injunctive relief with respect to the release and disclosure of all records responsive to its October 7 and 8, 2009 FOIA requests. EFF also seeks expeditious proceedings in this action pursuant to 28 U.S.C. § 1657(a) as well as reasonable attorney's fees incurred in this litigation. Defendants deny that plaintiff is entitled to the relief requested, or to any relief whatsoever, and is furthermore not entitled to expeditious proceedings in this action.

### 12. Settlement and ADR

The parties believe that the prospect of settlement is low at this time. This case has been assigned to the ADR Multi-Option Program, and the parties have conferred about ADR processes in conformance with ADR Local Rule 3-5. The parties believe that this case is not well suited to

ADR resolution, and therefore have filed a Notice of Need for ADR Phone Conference pursuant to ADR Local Rule 3-5(c)(2). (Dkt. No. 10.) The phone conference has been scheduled for March 8, 2010. The parties do intend, however, to meet and confer upon the conclusion of each agency's processing in an attempt to narrow the issues in dispute before presenting any such issues to the Court.

**13.     Consent to Magistrate for All Purposes**

The parties have not agreed to consent to assignment of this case to a magistrate judge for all purposes.

**14.     Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

The parties have not agreed to narrow the legal issues remaining in this case at this time. No party requests bifurcation of any issues, claims, or defenses. As noted above, the parties anticipate that they will meet and confer upon the completion of each agency's processing in an attempt to narrow any issues in dispute before bringing any such dispute before the Court.

**16.     Expedited Schedule**

The parties anticipate that this case will be resolved by the Court on summary judgment, but have been unable to negotiate a mutually agreeable schedule. EFF maintains that, because time is at the essence of both its rights and the government's obligations, this case should be handled on an expeditious basis with streamlined procedures. Defendants disagree and believe that this case can be litigated in the normal course, as is customary in FOIA actions. The parties anticipate that, upon the completion of each agency's processing, they will meet and confer in an attempt to narrow any issues, and any remaining areas of dispute will be presented to the Court by one or more motions for summary judgment. Defendants are committed to working with plaintiff to narrow and resolve issues as expeditiously as possible.

**17.     Scheduling**

See paragraph 16 above.

**18. Trial**

The parties anticipate that this entire case will be resolved by the Court on dispositive motions, and do not anticipate that this case will be decided by a jury.

**19. Disclosure of Non-Party Interested Entities or Persons**

EFF filed a Certification of Interested Entities or Persons as required by Local Rule 3-16 stating that, aside from the named parties, there is no interest to report. (Dkt. No. 2.) Defendants have not filed a Certification of Interested Entities or Persons because Local Rule 3-16 excuses government entities or their agencies from this requirement.

**20. Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter**

None.

DATED: March 5, 2010

Respectfully submitted,

*/s/ Marcia Hofmann*
ELECTRONIC FRONTIER FOUNDATION
Marcia Hofmann, Esq.
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

SAMUELSON LAW, TECHNOLOGY
AND PUBLIC POLICY CLINIC
Jason M. Schultz
U.C. Berkeley School of Law
396 Simon Hall
Berkeley, CA 94720-7200
Telephone: (510) 642-0499
Facsimile: (510) 643-4625

Attorneys for Plaintiff

TONY WEST
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Kimberly L. Herb*
Kimberly L. Herb
Trial Attorney
United Stated Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
Telephone: (202) 305-8356
Facsimile: (202) 616-8470
E-mail: Kimberly.L.Herb@usdoj.gov

Attorneys for Defendants

**GENERAL ORDER NO. 45(X) CERTIFICATION**

I attest that I have obtained Kimberly L. Herb's concurrence in the filing of this document.

*/s/ Marcia Hofmann*
Marcia Hofmann