Jennifer Lynch (SBN 240701)
*jlynch@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Jason M. Schultz (SBN 212600)
*jschultz@law.berkeley.edu*
SAMUELSON LAW, TECHNOLOGY &
PUBLIC POLICY CLINIC
U.C. Berkeley School of Law
396 Simon Hall
Berkeley, CA 94720-7200
Telephone: (510) 642-0499
Facsimile: (510) 643-4625

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF DEFENSE, ET AL.,<br><br>　　　　　　　　　　Defendants. | Case No.  3:09-CV-05640-SI<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

I.  **INTRODUCTION**

Plaintiff Electronic Frontier Foundation (EFF) hereby moves pursuant to Civil Local Rules 7-11 and 3-12 to notify the Court of two cases for its consideration on the issue of relatedness. The two cases are 3:09-cv-05640-SI and 3:10-cv-05526-JCS.

These cases involve the same parties and the same transactions and events and involve common questions of law and fact. Further, there would likely be an unduly burdensome duplication of labor and expense or conflicting results if the cases were conducted by different Judges.

Both cases are brought by EFF against the United States government based on identical Freedom of Information Act (FOIA) requests concerning the same subject matter. The requests were sent on the same days to the same agencies, including Department of Homeland Security (DHS), Department of Defense (DoD), Central Intelligence Agency (CIA), Department of Justice (DOJ), Department of the Treasury, and Office of the Director of National Intelligence (ODNI).

Due to the government's failure to meet its disclosure obligations under FOIA, EFF filed Case No. 09-5640 on December 1, 2009 concerning the vast majority of these requests.

Later, however, it came to light that there were additional deficiencies in the responses from DHS and its component Immigration and Customs Enforcement (ICE). After meeting and conferring with the government's counsel in Case No. 09-5640 about the possibility of amending the Complaint in that case, counsel for the government indicated that she would oppose any such amendment. (*See* Declaration of Jason Schultz (Schultz Decl.) at ¶ 2). Therefore, EFF filed a new lawsuit against the main party responsible for the additional deficiencies, DHS and its component ICE.

II.  **ARGUMENT**

    **A.**   **Both Cases Involve the Same Parties**

The plaintiff in both cases is EFF. The defendant in Case No. 10-05526 is DHS. DHS is also a defendant in Case No. 09- 05640.

    **B.**   **Both Cases Involve the Same Transactions and Events**

Both cases stem from a series of FOIA requests submitted by EFF to various government

agencies on October 7-8, 2009 concerning identical subject matter and the subsequent failure of the government to respond appropriately to these requests under FOIA.

Specifically, the requests in both cases use identical language to describe the documents EFF seeks. These include all records "about federal guidelines on the use of social-networking websites (including but not limited to Facebook, MySpace, Twitter, Flickr and other online social media) for investigative (criminal or otherwise) or data gathering purposes created since January 2003," including but not limited to:

1) documents that contain information on the use of "fake identities" to "trick" site users "into accepting a [government] official as a friend" or otherwise provide information to the government as described in the Boston Globe article *Is This Lawman Your Facebook Friend?* By Julie Masis, published January 11, 2009;

2) guides, manuals, presentations, memoranda, or other materials explaining how government agents should collect information on social-networking websites;

3) guides, manuals, policy statements, memoranda, presentations, or other materials detailing how or when government agents may collect information through social-networking websites;

4) guides, manuals, policy statements, memoranda, presentations, or other materials detailing what procedures government agents must follow to collect information through social-networking websites;

5) guides, manuals, policy statements, memorandum, presentations, agreements (both formal and informal) with social-networking companies, or other materials relating to 'privileged user' access by the government agents to social-networking websites;

6) guides, manuals, memoranda, presentations or other materials for using any visualization programs, data analysis programs or tools used to analyze data gathered from social networks;

7) contracts, requests for proposals, or purchase orders for any visualization programs, data analysis programs or tools used to analyze data gathered from social networks; and

8) guides, manuals, policy statements, memoranda, presentations, or other materials

describing how information collected from social-networking websites is retained in government databases or shared with other government agencies.

### C. It Is Likely That There Will Be an Unduly Burdensome Duplication of Labor and Expense or Conflicting Results if the Cases are Conducted Before Different Judges

Case Nos. 09-05640 and 10-05526 are both FOIA cases and will almost certainly involve the same or similar legal issues, such as whether the agencies have conducted a reasonable search in response to each request and whether any exemptions the agencies have asserted to withhold or redact information are proper under FOIA. Moreover, because this Court has already had Case No. 09-05640 on its docket for over a year (in large part due to the government's failure to complete document production), it would be an unduly burdensome duplication of labor and expense if the cases are conducted before different judges.

Further, if the cases were related, they could quickly be brought to the same procedural position. The parties agreed in Case No. 09-05640 to begin filing dispositive motions in February 2011. However, DHS's component Secret Service (a defendant in Case No. 09-05640) recently informed Plaintiff that it has not completed production because it located additional responsive documents and may need to conduct additional searches. (*See Letter from U.S. Secret Service* at 3, attached as Ex. A to Schultz Decl.) Secret Service has not yet produced these documents and has not indicated how long its process will take. As plaintiff will need time to review any additional documents, this will likely push the motion filing date in Case No. 09-05640. This would provide enough time for the cases to be related before the same judge and, if consolidated, for the parties to file one set of motions covering both cases and all defendants.

Relating the cases would be a more efficient use of judicial resources and would avoid conflicting results. Otherwise two judges would have to review the same FOIA requests and similar "Vaughn Indexes" (government submissions which describe the scope of its searches and the basis for its claimed exemptions), *see Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), in ruling on dispositive motions.

//

**III.   CONCLUSION**

For the foregoing reasons, plaintiff EFF moves for the Court to order Case Nos. 09-05640 and 10-05526 related for all matters at issue in the action.

DATED:  December 17, 2010

By  /s/ Jennifer Lynch
Jennifer Lynch, Esq.
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA  94110
Telephone:  (415) 436-9333
Facsimile:  (415) 436-9993

Jason M. Schultz
Samuelson Law, Technology and Public Policy Clinic
U.C. Berkeley School of Law
396 Simon Hall
Berkeley, CA 94720-7200
Telephone: (510) 642-0499
Facsimile: (510) 643-4625

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION