Jason M. Schultz (SBN 212600)
*jschultz@law.berkeley.edu*
Lila I. Bailey (SBN 238918)
*lbailey@law.berkeley.edu*
Aaron Mackey (Admitted for Student Practice)
Jose de Wit (Admitted for Student Practice)
Samuelson Law, Technology & Public Policy Clinic
U.C. Berkeley School of Law
396 Simon Hall
Berkeley, CA 94720-7200
Telephone: (510) 642-1957
Facsimile: (510) 643-4625

Jennifer Lynch (SBN 240701)
*jlynch@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

*Attorneys for Plaintiff*
ELECTRONIC FRONTIER FOUNDATION

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF DEFENSE, *et al.*,<br><br>    Defendants. | Case No. 3:09-CV-05640-SI<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT AND OPPOSITON TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   January 20, 2012<br>Time:  9:00 a.m.<br>Place:  Courtroom 10, 19th Floor<br>Judge:  Hon. Susan Illston |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................2

    A. Defendants Have Failed to Provide Adequate Justifications For Their Withholdings Under Exemption 7(E) ........................................................................2

        1. Defendants Misapply the "Rational Nexus" Standard. ...................................2

        2. The Government Has Failed to Provide Any Evidence to Suggest Its Documents Concerning Well-Known and Routine Techniques Contain Any "Secret" Operational Details or That Their Disclosure Would Present Additional and Reasonable Risks of Circumvention. .......................3

        3. Under the Proper Standard, Defendants' 7(E) Arguments Fail for Lack of Substantial Evidence. ..............................................................................5

        4. FBI Cannot Withhold Polices that Have the Effect of Law Merely by Renaming the Policies "Potential Focus" Areas or "Suggestions." ................7

    B. Defendants Have Failed to Meet Their Burden Under Exemption 5 .......................7

        1. Defendants Cannot Withhold Their Policy Discussions Under Exemption 5 Because None Rise to the Level of Attorney-Client Advice.....8

        2. The Secret Service Failed to Substantiate its Deliberative Process Privilege Claims. ............................................................................................8

    C. Defendants Provide No Rebuttal For Their Failures to Segregate All Non-Exempt Material. ........................................................................................................9

    D. ICE Still Fails to Justify Its Inadequate Search. ........................................................9

III. CONCLUSION ...................................................................................................................12

# TABLE OF AUTHORITIES

## Federal Cases

*Albuquerque Publ'g Co. v. DOJ*,
 726 F. Supp. 851 (D.D.C. 1989) ................................................................................................3

*Asian Law Caucus v. DHS*,
 2008 WL 5047839 (N.D. Cal. Nov. 24, 2008) ...........................................................................4

*Barnard v. DHS*,
 598 F. Supp. 2d 1 (D.D.C. 2009) ...............................................................................................4

*Bay Area Lawyers Alliance for Arms Control v. Dep't of State*,
 818 F. Supp. 1291 (N.D. Cal. 1992) ..........................................................................................9

*Blanton v. DOJ*,
 63 F.Supp. 2d 35 (D.D.C. 1995) ................................................................................................4

*Campbell v. DOJ*,
 164 F.3d 20 (D.C. Cir. 1998) ...................................................................................................10

*Church of Scientology of Cal. v. Dep't of Army*,
 611 F.2d 738 (9th Cir. 1979) .....................................................................................................5

*Coastal States Gas Corp. v. Dep't of Energy*,
 617 F.2d 854 (D.C. Cir. 1980) ............................................................................................. 8, 9

*Davin v. DOJ*,
 60 F.3d. 1043 (3rd Cir. 1995) ....................................................................................................6

*FBI v. Abramson*,
 456 U.S. 615 (1982) ..................................................................................................................2

*Feshbach v. SEC*,
 5 F. Supp. 2d 774 (N.D. Cal. 1997) .................................................................................. 3, 6, 7

*Fisher v. United States*,
 425 U.S. 391 (1976) ..................................................................................................................8

*Gerstein v. DOJ*,
 No. 03-04893 RMW, 2005 U.S. Dist. LEXIS 41276 (N.D. Cal. Sept. 30, 2005) ............. 3, 5, 6

*Gordon v. FBI*,
 388 F. Supp. 2d 1028 (N.D. Cal. 2005) ............................................................................ 1, 2, 7

*Kamman v. IRS*,
 56 F.3d 46 (9th Cir. 1995) .........................................................................................................6

*Maguire v. Mawn*,
    No. 02 Civ. 2164, 2004 WL 1124673 (S.D.N.Y. May 19, 2004) ................................................. 4

*Mead Data Cent., Inc. v. Dep't of the Air Force*,
    566 F.2d 242 (D.C. Cir. 1977) ...................................................................................................... 9

*Nat'l Sec. Archive v. FBI*,
    759 F. Supp. 872 (D.D.C. 1991) ................................................................................................... 3

*Negley v. FBI*,
    Case No. 03-2126, 2011 U.S. Dist. LEXIS 116899 (D.D.C. Oct. 11, 2011) ............................. 10

*Negley v. FBI*,
    658 F. Supp. 2d 50 (D.D.C. 2009) .............................................................................................. 10

*PHE, Inc. v. DOJ*,
    983 F.2d 248 (D.C. Cir. 1993) .................................................................................................. 6, 7

*Rosenfeld v. DOJ*,
    57 F.3d 803 (9th Cir. 1995) ................................................................................................. 1, 2, 3

*Safeway v. IRS*,
    No. 05-3182, 2006 U.S. Dist. LEXIS 81078 (N.D. Cal. Oct. 24, 2006) ...................................... 8

*Unidad Latina En Accion v. DHS*,
    253 F.R.D. 44 (D. Conn. 2008) .................................................................................................... 4

*Weisberg v. DOJ*,
    745 F.2d 1476 (D.C. Cir. 1984) ................................................................................................. 10

*Wiener v. FBI*,
    943 F.2d 972 (9th Cir. 1991) ........................................................................................................ 2

*Willamette Indus. v. U.S.*,
    689 F.2d 865 (9th Cir. 1982) ........................................................................................................ 9

*Zemansky v. EPA*,
    767 F.2d 569 (9th Cir. 1985) ........................................................................................... 9, 10, 11

**Federal Statutes**

5 U.S.C. § 552(b)4 ................................................................................................................................ 9

5 U.S.C. § 552(b)5 ............................................................................................................................ 2, 9

5 U.S.C. § 552(b)6 ................................................................................................................................ 9

5 U.S.C. § 552(b)7(C) .......................................................................................................................... 9

5 U.S.C. § 552(b)7(E) ................................................................................................................. *passim*

I.   **INTRODUCTION**

In its Reply Brief, the government raises three main counterarguments to Plaintiff EFF's Cross Motion: (1) that "special deference" should be given under Exemption 7(E) concerning its burden of proof so that it need only show a "rational nexus" between withheld documents and law enforcement functions; (2) that despite admitting to public disclosure and knowledge of numerous investigative techniques related to social media, it can withhold entire documents concerning these techniques merely because some part of them contains further operational details; and (3) that its numerous conclusory statements—often simply parroting FOIA's statutory language—are sufficient to meet its evidentiary burdens. All three arguments fail.

First, the government conflates the standard of deference accorded to law enforcement agencies under the first prong of Exemption 7(E)—that documents must be gathered for law enforcement purposes—with the second: that it must prove, without any special deference, that disclosure of the withheld records could reasonably be expected to risk circumvention of the law. *See Rosenfeld v. DOJ,* 57 F.3d 803, 808 (9th Cir. 1995); *Gordon v. FBI*, 388 F. Supp. 2d 1028, 1035 (N.D. Cal. 2005) (citing statute). The "special deference" and "rational nexus" tests cited by the government only apply to the "law enforcement purposes" threshold inquiry, which EFF does not contest in this case, and not to the "circumvention risk" inquiry, which it does. Under the normal evidentiary standard for summary judgment, the government has failed to meet its burden to show reasonable circumvention risks exist.

Second, despite admitting that numerous investigative techniques related to social media are publicly known or routine, the government asserts that there are operational details related to these techniques that still remain secret. Yet, the government again fails to provide substantial evidence of the alleged secrecy of these details or any basis for this Court to assess whether the additional disclosure of such details would result in a reasonable risk of circumvention. By failing to provide sufficient evidence to substantiate secrecy or assess risks, the government has failed to meet its burden on this issue.

Third, the government mistakenly and almost exclusively relies on its misplaced special deference/rational nexus argument and its superficial and conclusory declarations to justify its

withholdings under Exemption 7(E). This argument fails both for the reasons above concerning the proper standard for 7(E) determinations as well as the well-established case law that prohibits conclusory statements from satisfying the government's burden under FOIA. *See, e.g., Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir. 1991).

In addition, the government makes several minor points attempting to rebut EFF's arguments concerning the withholding of "working law" policy documents, privileged documents under Exemption 5 U.S.C. § 552(b)5, the requirement to segregate non-exempt information from withheld information, and the requirement to conduct an adequate search. These also fail for lack of evidentiary or legal support. For these reasons, the Court should grant EFF's Cross Motion for Summary Judgment and deny the government's Motion for the same.

II. ARGUMENT

    A. **Defendants Have Failed to Provide Adequate Justifications For Their Withholdings Under Exemption 7(E)**

        1. <u>Defendants Misapply the "Rational Nexus" Standard.</u>

The government's primary argument under Exemption 7(E) focuses on burdens of proof. It argues that this Court should accord Defendants "special deference" on Defendants' burdens of proof so that they need only prove a "rational nexus" between their law enforcement duties and the withheld documents to win on summary judgment. Reply Brief at 1. However, this misstates the law of this Circuit. Exemption 7(E) requires a court to conduct two different steps in its analysis: (1) a threshold inquiry as to whether or not the agency asserting the exemption has compiled the documents "for law enforcement purposes;" and then, if the court answers the first inquiry in the affirmative, (2) whether disclosure of the documents would present a reasonable risk of legal circumvention. *See generally FBI v. Abramson*, 456 U.S. 615 (1982); *Rosenfeld,* 57 F.3d at 808; *Gordon*, 388 F. Supp. 2d at 1035.

The government is correct that courts, including the Ninth Circuit, give special deference on the threshold question of "law enforcement purposes" when an agency has a clear law enforcement mandate. *See Rosenfeld*, 57 F.3d at 808. EFF neither contests this standard nor that the Defendants

have met it in this case. What remains, and what the government fails to adequately address, is the second half of the 7(E) analysis: whether there is proof that unacceptable circumvention risks exists. For this, courts do not grant any special deference, but rather hold the government to a significant burden of proof. *See Feshbach v. SEC*, 5 F. Supp. 2d 774, 786-87 (N.D. Cal. 1997) (Illston, J.) (holding that, to meet this burden, Defendants must support their circumvention claims with specific descriptions of the withheld information and "substantial evidence"); *Gerstein v. DOJ*, No. 03-04893 RMW, 2005 U.S. Dist. LEXIS 41276 at *41 (N.D. Cal. Sept. 30, 2005) (rejecting government's circumvention claim because risk was remote and unsupported by evidence or expert affidavits).

> 2. <u>The Government Has Failed to Provide Any Evidence to Suggest Its Documents Concerning Well-Known and Routine Techniques Contain Any "Secret" Operational Details or That Their Disclosure Would Present Additional and Reasonable Risks of Circumvention.</u>

Next, the government cites a series of cases for the proposition that documents may still be withheld under 7(E)—even if the techniques they contain are well-known or routine—if they also contain particular operational details that are still secret. Reply at 2. However, the government provides no evidence to support such secrecy besides generalized conclusions in its Reply Brief. Beyond this lack of evidence, the government also fails to provide any evidence or rationale for how disclosure of the specific operational details at issue would increase any alleged circumvention risk, given that the particular techniques are already known. In *Rosenfeld*, the Ninth Circuit clearly rejected a similar government argument that a particular use of a generally-known technique was still secret, stating that "[i]f we were to follow such reasoning, the government could withhold information under Exemption 7(E) under any circumstances, no matter how obvious the investigative practice at issue, simply by saying that the 'investigative technique' at issue is not the practice but the application of the practice to the particular facts underlying that FOIA request." 57 F.3d at 815. The government has also failed to rebut EFF's assertion that many of the withheld documents are likely to contain techniques that are routine, or that "leap to the mind of the most simpleminded investigator." *Rosenfeld*, 57 F.3d at 815 (citing *Albuquerque Publ'g Co. v. DOJ*, 726 F. Supp. 851, 857-58 (D.D.C. 1989); *Nat'l Sec. Archive v. FBI*, 759 F. Supp. 872, 885

(D.D.C. 1991)).

In support of its argument, the government cites several inapposite cases, most of which involved specific information about a specific crime, suspect, or potential victim that posed a specific risk of disclosure and circumvention. *See, e.g., Unidad Latina En Accion v. DHS,* 253 F.R.D. 44, 52-53 (D. Conn. 2008) (upholding 7(E) withholding for information relating to numerous specific individuals under investigation only after *in camera* review of the actual documents at issue); *Maguire v. Mawn*, No. 02 Civ. 2164, 2004 WL 1124673, at *2-3 (S.D.N.Y. May 19, 2004) (holding that despite the fact that bank's use of "bait money" to catch robbers was widely known, the fact that a particular bank might use bait money was not and could pose a reasonable risk that robbers would use this knowledge to commit future robberies against that particular bank); *Blanton v. DOJ,* 63 F.Supp. 2d 35, 49-50 (D.D.C. 1995) (upholding 7(E) exemption for particular answers to a particular individual's polygraph test due to submission of a very detailed and specific declaration from the FBI that "[d]isclosing 'the structure, pattern and sequence of questions, along with their varying degrees of intensity' would allow individuals to employ counter-measures and perhaps circumvent the test"). In this case, EFF does not seek any information about particular victims or suspects of crimes but rather general information about general techniques that are well-known. These cases are inapplicable.

The government's other cases are also distinguishable. *See Asian Law Caucus v. DHS*, 2008 WL 5047839, *4 (N.D. Cal. Nov. 24, 2008) (upholding 7(E) exemption because "the public does not already have routine and general knowledge about any investigative techniques relating to watchlists"); *Barnard v. DHS,* 598 F. Supp. 2d 1, 23 (D.D.C. 2009) (upholding 7(E) exemption as to the CIA's security clearance techniques because it was "self-evident that information revealing security clearance procedures could render those procedures vulnerable and weaken their effectiveness at uncovering background information on potential candidates"). EFF has shown that the particular techniques at issue here are generally known and routine, and the government has failed to provide any evidence that disclosing them would run risks that are in any way similar to those in *Barnard* or the other cases it cites.

Moreover, to the extent the government could show that these details were still secret and their disclosure did present a reasonable risk of circumvention, it must still segregate exempt from non-exempt information and disclose the rest of the documents at issue. *See Church of Scientology of Cal. v. Dep't of Army*, 611 F.2d 738, 744 (9th Cir. 1979) (holding that the doctrine of segregability applies to all exemptions under the FOIA).

       3.      Under the Proper Standard, Defendants' 7(E) Arguments Fail for Lack of Substantial Evidence.

When analyzed under the proper standard, all Defendants' 7(E) arguments fail. For example, FBI relies almost entirely on its misplaced "rational nexus" argument in its Reply. Reply at 4. It does not supply any additional evidence or reasoning for why disclosure of the documents at issue would present a reasonable risk of circumvention.

Instead, it seeks to attack the holding in *Gerstein v. DOJ*, 2005 U.S. Dist. LEXIS 41276, under two theories. First, it tries to construct a limitation on the holding that does not exist in the opinion, arguing that *Gerstein* somehow only applies to cases where there is "no evidence that the withheld information was used as a law enforcement technique." Second, it claims that *Gerstein's* holding that requires credible evidence or qualified testimony is somehow dicta. Reply at 5. Neither argument succeeds.

Nothing in *Gerstein* limits the ruling to cases where there is no evidence of the technique being used for law enforcement purposes. While the record at issue in *Gerstein* was a compilation of surveys describing the DOJ's use of delayed-notice warrants, the DOJ argued it was being used for law enforcement purposes and thus was exempt from disclosure under 7(E). The court did not speak to the record's use for law enforcement purposes, but instead clearly held that "because the 'procedure' here is a *matter of common knowledge* and because the court does not believe that disclosing the compilation would reduce Section 213's effectiveness, the EOUSA wrongly applied exemption (b)(7)(E)."[1] *Id.* at *43 (emphasis added).

---

[1] While the court did note that there was no evidence that the technique at issue—delayed-notice warrants—was "particularly feared or effective," *id*. at *42, it never spoke to this as a limiting principle or even a fact-specific one. Moreover, whether or not a technique is "feared or effective" has no bearing on whether or not it is being used.

In addition, *Gerstein*, like many FOIA cases, focused explicitly on the government's burden of proof to claim a given exemption. For Exemption 7(E), the Court in that case examined the totality of the government's evidence before it. In doing so, it considered not only the government's rationale but also the lack of any evidence to support that rationale, including the possibility of documentary evidence *or* credible testimony. *See id.* at *41. *See also Feshbach v. SEC*, 5 F.Supp. 2d at 786 ("[The SEC] cannot discharge its burden with unsupported assertions in its moving papers or the conclusory statements of a single declarant regarding only one of many categories of documents withheld pursuant to Exemption 7(E).") (citing *PHE, Inc. v. DOJ,* 983 F.2d 248, 252 (D.C. Cir. 1993) ("Had the [agency] submitted a more specific affidavit . . . providing reasons why releasing each withheld section would create a risk of circumvention of the law, or had the [agency] clearly indicated why disclosable material could not be segregated from exempt material, it might have established a legitimate basis for its decision."); *Davin v. DOJ,* 60 F.3d. 1043, 1064 (3rd Cir. 1995) ("The speculation provided in the government's brief of political groups' increased ability to detect informants within their ranks is not supported by evidence.")). The Court faces a similar situation here, where the government has provided a generalized and circular rationale for its withholdings with a similar lack of credible evidence. *See* Reply at 5 (FBI asserting, without any factual basis, that some vague and undefined circumvention risks exist); *see also, e.g.,* Hardy Decl. p. 140 (asserting, without evidence, that because redacted records "contain information that identifies a potential online focus of law enforcement investigations," "[d]isclosing this information could reasonably be expected to risk circumvention of the law," and has "therefore been properly withheld pursuant to Exemption (b)(7)(E).") This does not satisfy the government's burden. *See Kamman v. IRS*, 56 F.3d 46, 48 (9th Cir. 1995) (The government may submit affidavits to show that it has properly withheld information, but "may not rely upon conclusory and generalized allegations of exemptions.").

Defendants DHS, ICE, Secret Service, and DOJ fare no better. All of these agencies simply assert that their withheld documents contain investigation techniques and procedures that would allow individuals to avoid detection, but they do not provide any evidence that discusses what the actual risk of such avoidance would be. Merely positing the possibility of a hypothetical risk of

circumvention cannot be sufficient, or else the government could always succeed in justifying any 7(E) withholding, even one where the risk was extremely low. To separate valid 7(E) justifications from the invalid ones, this Court must require substantial evidence that describes the actual risk of circumvention so that it may be adequately evaluated to determine if the risk is reasonable. *See Gordon*, 388 F. Supp. 2d at 1035 (N.D. Cal. 2005) (Exemption 7(E) allows the government to withhold documents only if it demonstrates a reasonable risk that criminals will use them to circumvent detection, apprehension or prosecution); *Feshbach*, 5 F.Supp. 2d at 787 (agencies claiming 7(E) exemptions must present "substantial evidence" to survive summary judgment challenges.)

    4.    <u>FBI Cannot Withhold Polices that Have the Effect of Law Merely by Renaming the Policies "Potential Focus" Areas or "Suggestions."</u>

Next, the government argues that Defendant FBI need not turn over information on its potential areas of focus and policy decisions because they are not legal standards that regulate the agency's dealings with members of the public. *Gordon*, 388 F. Supp. 2d at 1036-37 (N.D. Cal. 2005). Instead, it argues that the documents here relate to "a potential online focus of law enforcement investigations" and "suggestions on a proposal." Reply at 5. However, these are exactly the type of policies and documents at issue in *Gordon*. There, the FBI withheld records concerning the FBI's "no-fly list" and the standards for detaining someone whose name appeared on it. 388 F. Supp. 2d at 1036-37. Whether one characterizes the information as a "policy" or a "potential online focus" or a "suggestion" is mere semantics; what matters is that this information constitutes the rules for how the FBI will deal with members of the public, giving it the effect of law. *See PHE,* 983 F.2d at 251-52 (D.C. Cir. 1993) (rejecting a similar DOJ argument about a "step by step analysis" and prosecutorial guidelines on obscenity crimes, explaining that such standards are "precisely the type of information appropriate for release under the FOIA.").

    **B.**    **Defendants Have Failed to Meet Their Burden Under Exemption 5**

    1.    <u>Defendants Cannot Withhold Their Policy Discussions Under Exemption 5 Because None Rise to the Level of Attorney-Client Advice.</u>

The government also asserts that both the ICE and FBI withholdings under Exemption 5's attorney-client privilege are sufficient because they contain legal discussions that pertain to specific

situations and demonstrate "the give-and-take of the attorney-client consultation process." Reply at 7-8. However, this is not the standard for assertion of Exemption 5. Instead, the privilege is narrowly construed, protecting "only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 862 (D.C. Cir. 1980) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). Moreover, the government cannot protect legal memoranda that provide "neutral, objective analysis" of existing agency regulations *even* in the context of specific factual questions from agents in the field. *Id.* at 863; *see also Safeway v. IRS*, No. 05-3182, 2006 U.S. Dist. LEXIS 81078, *28 (N.D. Cal. Oct. 24, 2006) (rejecting application of privilege to IRS counsel's "objective, neutral analysis" of application of tax regulations to plaintiff's tax returns).

The information ICE and FBI have withheld reflects recitations of agency policy, rather than the give and take of legal counseling, even more closely than the memoranda at issue in *Coastal States*. Some emails actually describe the redacted sections as "standards," "guidance to personnel," and "procedures." *See* FBI Bates Nos. 77-78, 78-79; DHS/ICE Doc. 3. These terms and the unredacted language in some emails indicate that the communications are binding. *See, e.g.*, FBI Bates No. 71 ("FBI employees must comply with the section"). This is especially true for the attachments to some of the emails in question, which were either not included in the government's Vaughn indexes (and thus have no justification for withholding) or are explicitly referred to as examples of policy. *See, e.g.,* FBI Bates Nos. 58 (email attachment not mentioned in FBI Vaughn) ("a document with examples of how the [REDACTED] policy applies to social networking sites" and titled "[REDACTED] policy examples.wpd."), 76-77 (email attachment not mentioned in FBI Vaughn) ("On the criminal side, here are the standards: [REDACTED]"), 126 (email attachment not mentioned in FBI Vaughn).

      2.    <u>The Secret Service Failed to Substantiate its Deliberative Process Privilege Claims.</u>

The government argues that the Secret Service properly withheld Document 11 because it contained recommendations that "relate to whether and what extent the Secret Service should fund

this system in the future[.]" Reply at 9. However, it fails to cite evidence to support this assertion. Instead, it merely speculates as to this purpose in its briefing, which is not evidence. Moreover, at best, this document relates to some unspecified future decision instead of a specific one. Such abstract hypothetical decisions cannot provide a basis for withholding information. *See Coastal States*, 617 F.2d at 868 (rejected the agency's argument that auditing memos were pre-decisional because "[c]haracterizing these documents as 'predecisional' simply because they play into an ongoing audit process would be a serious warping of the meaning of the word.").[2]

### C. Defendants Provide No Rebuttal For Their Failures to Segregate All Non-Exempt Material.

With the exception of DOJ, Defendants provide no rebuttal in their Reply for their failure to meet their burden to reasonably segregate all non-exempt information from the hundreds of pages they have withheld in full or redacted almost in their entirety. *See Willamette Indus. v. U.S.*, 689 F.2d 865, 867-68 (9th Cir. 1982) (All non-exempt portions of a document must be disclosed unless they are "inextricably entwined" with the exempt portions); *Bay Area Lawyers Alliance for Arms Control v. Dep't of State*, 818 F. Supp. 1291, 1300 (N.D. Cal. 1992) (finding it "improbable that long documents" withheld in full under Exemption 5 "are *entirely* 'analytical' and do not contain any segregable *factual* material") (emphasis in original). For example, now that the Secret Service has withdrawn its assertion of Exemption 4 as to price and cost information, it should release that information immediately, even if other information in the same documents arguably falls under Exemptions 6, 7(C), or 7(E).

### D. ICE Still Fails to Justify Its Inadequate Search.

ICE attempts to justify its inadequate search by shifting the burden for generating relevant search terms to Plaintiff EFF. This is not Plaintiff's burden. ICE must assume responsibility for generating all relevant search terms on its own. *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985). This is particularly important because FOIA requesters are generally in a disadvantaged

---

[2] Even if the Secret Service's deliberative process privilege claims were valid for some parts of the record at issue, it must segregate and release any non-privileged information, including factual information, about the system currently in place. *See Coastal States*, 617 F.2d at 867; *Mead Data Cent., Inc. v. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).

position, not knowing how agencies' filing or search systems work or which agents or offices are responsible for a given subject matter. *See generally, Negley v. FBI*, Case No. 03-2126, 2011 U.S. Dist. LEXIS 116899 (D.D.C. Oct. 11, 2011) (awarding attorneys fees in case where plaintiff's FOIA request and subsequent litigation revealed "for the first time . . . information about numerous FBI databases which must be searched in order to achieve compliance with the agency's FOIA obligations" and thus provided "extremely significant and useful information for ordinary citizens, as well as journalists and academics, seeking to find out 'what their government is up to.'" *Id.* at *10 (citing *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772-73 (1989)). For this reason, "FOIA requests are construed liberally. Any doubt about the adequacy of the search should be resolved in favor of the requester." *Negley v. FBI*, 658 F. Supp. 2d 50, 59 (D.D.C. 2009) (citing *Campbell v. DOJ*, 164 F.3d 20, 27 (D.C. Cir. 1998).

Further, although ICE asserts the search terms it used were reasonable, ICE did not list any search terms used by the ICE OPLA Enforcement Law Division, and notes that within the Law Enforcement Service Center at ICE's Office of Enforcement and Removal Operations, the only search terms used were "social network" and "social media." Decl. of Ryan Law at ¶¶ 20, 28. This is plainly insufficient. *See Negley*, 658 F. Supp. 2d at 60-61 (D.D.C. 2009) (noting affidavits that failed to list search terms and searches that used terms that were not "reasonably calculated to turn up all responsive files" failed to sustain the defendant's burden on summary judgment).

Finally, ICE's search was inadequate because, despite the fact that it dedicated seven pages to describing its search (*see* Law Decl. at 4-11), the searches actually conducted at each of the divisions were not "reasonably calculated to uncover all relevant documents." *Zemansky,* 767 F.2d at 571 (citing *Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The Law Declaration makes clear that for the divisions ICE actually tasked with searching for records responsive to Plaintiff's FOIA request, ICE delegated this task to individuals, likely junior, who searched their own computers and email files rather than a department or agency-wide system. *See, e.g.,* Law Decl. ¶¶ 16, 19-20 (stating that within ICE's Office of the Principal Legal Advisor, which, according to ICE's website is the "the largest legal program in the Department of Homeland

Security" and contains 13 individual divisions,[3] ICE delegated the search only to one "Associate Legal Advisor" who conducted a "manual review of her computer and email files."); *see also* ¶ 28 (describing similar search conducted at ICE ERO); ¶ 18 (noting that the search for responsive records conducted at ICE's Office of Homeland Security Investigations (HSI), which has six divisions and more than 10,000 employees,[4] was conducted solely by eight Special Agents, who limited their search to their own computer and email files and a manual search of the ICE HSI policy handbook);[5] ¶¶ 23-24 (noting that within the ICE Privacy Office, which is responsible for ensuring "ICE's compliance with federal privacy laws and policies,"[6] only four individuals searched for responsive material and did so only on their individual computers and email files). Given the sheer size of some of ICE's divisions, as well as the size and mandate of the agency in general, this is inadequate.

ICE states it is the "second-largest investigative agency in the federal government" (Holzer Decl. ¶ 13) and yet it only produced 32 pages of documents. As noted in EFF's opening brief, (Doc. No. 56 at 23), when compared to the production of other agencies in this litigation, especially ones that have a much smaller law enforcement reach, it is clear that ICE could not have conducted a reasonable search. *See, e.g.* Holzer Decl. ¶¶ 17, 21 (DHS search identified 646 pages responsive to EFF's request); Hardy Decl. ¶ 4 (FBI identified 617 responsive pages); Ulmer Decl. ¶¶ 43-49 (Secret Service identified 298 responsive pages); DOJ Vaughn Index (168 responsive pages).

For each of these reasons, ICE has failed to show its search was adequate and "reasonably calculated to uncover all relevant documents." *Zemansky,* 767 F.2d at 571.

/ / /

/ / /

---

[3] *See* http://www.ice.gov/about/offices/leadership/opla/; http://www.ice.gov/about/offices/leadership/opla/divisions.htm.
[4] *See* http://www.ice.gov/about/offices/homeland-security-investigations/.
[5] To clarify, EFF has not argued, as the government asserts, that ICE's search was inadequate merely because it "failed to locate information from its investigative agents." (Doc. No. 59 at 10). In EFF's opening brief, (Doc. No. 56 at 22), EFF used ICE's description of the search at HSI as an example of the general limitations with the searches of the different ICE divisions.
[6] *See* http://www.ice.gov/about/offices/management-administration/privacy/.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment should be denied, and Plaintiff's Cross Motion for Summary Judgment should be granted.

DATED: January 6, 2012                Respectfully submitted,

By:   */s/ Jason M. Schultz*

Jason M. Schultz
Lila I. Bailey
Samuelson Law, Technology & Public Policy Clinic
U.C. Berkeley School of Law
396 Simon Hall
Berkeley, CA 94720-7200
Telephone: (510) 642-0499
Facsimile: (510) 643-4625

Jennifer Lynch
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

*Attorneys for Plaintiff*
ELECTRONIC FRONTIER FOUNDATION

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2012, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

Executed on January 6, 2012, in San Francisco, California.

*/s/ Jason M. Schultz*
Jason M. Schultz